No. 23-3291

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 15, 2025
KELLY L. STEPHENS, Clerk

LORI CHAVEZ-DeREMER, SECRETARY OF )
LABOR, U.S. DEPARTMENT OF LABOR,    )
                                    )
    Petitioner,                     )
                                    )  O R D E R
v.                                  )
                                    )
MICHAEL KRUEGER, dba ALTOGETHER     )
ROOFING, LLC, and its successors,   )
                                    )
    Respondent.

Before: CLAY, LARSEN, and NALBANDIAN, Circuit Judges.

Michael Krueger d/b/a Altogether Roofing, LLC, and its successors (Krueger) has repeatedly failed to comply with or respond to (1) our October 6, 2023 Judgment ordering that he comply with eleven final orders of the Occupational Safety and Health Review Commission that he abate certain violations of the Occupational Health and Safety Administration (OSHA) and pay civil penalties totaling $926,733, plus interest and fees; (2) multiple opportunities to show cause why he should not be held in contempt; and (3) our order holding him in contempt. Based on these failures, the Secretary of Labor now asks us to order "coercive sanctions, including the cessation of Krueger's business operations, incarceration of Krueger, and any other relief this Court deems just and proper." *See* R. 12.

Under Federal Rule of Appellate Procedure 48 "[a] court of appeals may appoint a special master" who may take "all appropriate action for the efficient performance of the master's duties under the order." Courts of appeal have "long used masters in contempt proceedings where the issue is compliance with an enforcement order." Fed. R. App. P. 48(a) advisory committee's note

to 1994 amendment. We have appointed special masters to enforce contempt orders in similar agency proceedings. *See NLRB v. Fox Painting Co.*, 86 F.3d 1156, at *1–2 (6th Cir. 1996) (table) (adopting a special master's recommendations for enforcing a contempt order to enforce an NLRB fine); *NLRB v. S.E. Nichols of Ohio, Inc.*, 1978 WL 14022, at *1 (N.D. Ohio 1978) (discussing appointment as special master to enforce a contempt order of the Sixth Circuit regarding NLRB fines). And our sister circuits have relied on special masters in factually similar cases in which a party refused to comply with OSHA citations and the circuit court's orders (including its contempt order). *See In re Appointment of a Special Master to Enforce an Ord. of Eleventh Cir. Ct. of Appeals in Case No. 19-13261-J*, 2021 WL 7451898, at *1 (M.D. Fla. Dec. 1, 2021); *Chao v. Andre Tuckpointing & Brickwork*, 2008 WL 11393192, at *1 (E.D. Mo. Feb. 29, 2008) (discussing the Eighth Circuit's appointment of the court as special master to conduct a hearing and make recommendations regarding the Secretary of Labor's contempt petitions and motion for sanctions).

Accordingly, it is **ORDERED** that a special master shall be appointed to enforce this court's prior orders (including its contempt order). The Clerk of Court for the United States District Court for the Northern District of Ohio is directed to appoint, under Rule 3.1 of the Local Rules for the United States District Court, Northern District of Ohio, an active district judge of that court to act as special master in this matter. The clerk of this court shall furnish the Clerk of Court for the United States District Court for the Northern District of Ohio with a certified copy of this order. The Clerk of Court for the United States District Court for the Northern District of Ohio shall notify the clerk of this court when the special master has been appointed. It is also **ORDERED** that the Secretary of Labor's request for sanctions and any items in this court's files that the special master requires be **REFERRED** to the special master for resolution through a written report and recommendation on the proper disposition of the motion for sanctions.

It is **FURTHER ORDERED** that the special master shall have the following authority, powers, and duties:

1. To conduct such proceedings as may be appropriate to effectuate our prior orders through a report and recommendation regarding what sanctions this court should impose including, but not limited to, further fines on Krueger for his noncompliance with our prior orders; requiring Krueger to turn over information concerning his business and personal bank accounts and assets; seizure and/or monitoring of Krueger's assets; cessation of Krueger's business activities; Krueger's incarceration; designing and imposing a payment plan for any fines; and all other remedies the special master considers necessary to enforce our orders. Such sanctions will be subject to review by this court upon the special master's report and recommendation.

2. To effectuate the carrying out of these duties, the special master may exercise the ordinary authority of a district court to control a case, including the power to issue summonses, arrest warrants, and the like.

3. The special master shall file with the clerk of this court the transcript of any proceedings, any evidence, and any original exhibits, together with the report and recommendation. The report shall be binding on our court only in the manner and to the extent that this court deems appropriate. The special master may require the parties to submit, before the report is filed, proposed findings, objections, and briefs.

4. The final assessment of all costs, fees, and expenses, including those incurred before the special master, is reserved for this court.

It is **FURTHER ORDERED** that the clerk of this court shall enter the special master's report on the docket once submitted, which will automatically generate a notice to the parties of the special master's report. Either party may file written objections to the special master's report, but the objections must be filed with this court no later than 30 days after the report's entry on docket.

ENTERED BY ORDER OF THE COURT

A TRUE COPY
Attest:
Kelly L. Stephens, Clerk
By /s/ Deputy Clerk

Kelly L. Stephens, Clerk